## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 10 2015, 10:10 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Jared Michel Thomas, Esq.
Evansville, Indiana

ATTORNEY FOR APPELLEES

R. Jeff Dodson, Esq.
Dodson & Schaefer, LLC
Evansville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In re the Matter of:
B.S.,

*Child,*

D.S.,

*Appellant/Father,*

v.

K.S. and M.S.,

*Appellees/Adoptive Parents.*

April 10, 2015

Court of Appeals Case No.
82A04-1406-AD-255

Appeal from the Vanderburgh Circuit Court; The Honorable René A. Ferguson, Judge;
82D07-1311-AD-143

**May, Judge.**

[1] D.S. (Father) appeals the trial court's decision that his consent was not required for K.S. and M.S. ("Maternal Grandparents") to proceed with the adoption of his child B.S. (Child).

[2] We affirm.

## Facts and Procedural History

[3] Child was born on April 10, 2010, to Br. S. (Mother) and Father. Since birth, Child lived with and was in the primary care of Maternal Grandparents due to Mother's instability. Father did not try to visit Child while she was in Maternal Grandparents' care, and although he testified to inconsistent patterns of alleged visitation while Child was temporarily in Mother's care, he presented no evidence to corroborate his claim that he visited Child at the times he indicated.

[4] On November 25, 2013, Maternal Grandparents filed a petition to adopt Child. Mother consented but Father challenged the adoption. A consent hearing was held on May 5, 2014. Father appeared by telephone because he was incarcerated. After the hearing, the trial court determined Father's consent was not necessary for the adoption petition to be granted because he did not have "meaningful" contact with Child during the year preceding the adoption petition pursuant to Ind. Code § 31-19-9-8(2)(A). (Appellant's App. at 2.)

[5] On June 4, 2014, Father filed a motion to certify the order for interlocutory appeal and to stay the proceedings pending the appeal. The trial court granted his motion the same day, and we accepted jurisdiction.

# Discussion and Decision

[6] Our standard of review of adoption proceedings is well-settled:

> "When reviewing adoption proceedings, we presume that the trial court's decision is correct, and the appellant bears the burden of rebutting this presumption." We generally give considerable deference to the trial court's decision in family law matters, because we recognize that the trial judge is in the best position to judge the facts, determine witness credibility, "get a feel for the family dynamics," and "get a sense of the parents and their relationship with their children." We will not disturb the trial court's ruling "unless the evidence leads to but one conclusion and the trial judge reached an opposite conclusion." The trial court's findings and judgment will be set aside only if they are clearly erroneous. "A judgment is clearly erroneous when there is no evidence supporting the findings or the findings fail to support the judgment." "We will neither reweigh the evidence nor assess the credibility of witnesses, and we will examine only the evidence most favorable to the trial court's decision."

*In re Adoption of O.R.*, 16 N.E.3d 965, 972-73 (Ind. 2014) (citations omitted).

[7] Generally, a trial court may grant a petition for adoption only if both the mother and father of the child consent. Ind. Code § 31-19-9-1(a)(2). However, Ind. Code § 31-19-9-8 provides consent to an adoption is not required from:

> (2) A parent of a child in the custody of another person if for a period of at least one (1) year the parent:
>
> > (A) fails without justifiable cause to communicate significantly with the child when able to do so; or
> >
> > (B) knowingly fails to provide for the care and support of the child when able to do so as required by law or judicial decree.

The trial court found Father did not "provide any meaningful contact with the child[.]" (Appellant's App. at 2.)[1]

[8] Maternal Grandparents filed their petition on November 25, 2013. During the hearing to determine if Father's consent to the adoption was required, Father testified he was not incarcerated from October 2012 until May 2013 and he saw Child "twice a week" for "three or four hours" at Mother's apartment starting in January 2013. (Tr. at 26-7.) Father testified he had not had contact with Child since May 2013, when he was again incarcerated.

[9] Father's sporadic visitation with Child, long periods without communication, and the fact Father has not communicated with Child since May 2013 is sufficient to prove Father "fail[ed] without justifiable cause to communicate significantly with the child when able to do so." *See In re Adoption of J.P.*, 713 N.E.2d 873, 876 (Ind. Ct. App. 1999) ("The significance of the communication is not measured in terms of units of visits. . . . [Mother's] fairly consistent, but brief, monthly visits . . . were not meaningful."). Father's arguments to the contrary are invitations for us to reweigh the evidence, which we cannot do. *See In re O.R.*, 16 N.E.3d at 973 (appellate court cannot reweigh evidence or judge the credibility of witnesses). Accordingly, we affirm.

---

[1] The trial court also found Father did not support Child during the relevant time period. However, because the statute is written in the disjunctive, the trial court is required to find only one reason for waiver of a parent's consent to an adoption. *In re Adoption of D.C.*, 928 N.E.2d 602, 606 (Ind. Ct. App. 2010), *trans. denied*. Thus we need not review the second basis found by the trial court.

Robb, J., and Mathias, J., concur.